IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOYCE ANN SMITH                                                                       PLAINTIFF

V.                                                             CIVIL ACTION NO. 1:19-CV-6-SA-DAS

TOYOTA MOTOR CORPORATION,
and DIVERSITY VUTEQ, LLC                                      DEFENDANTS

ORDER

Joyce Smith filed her *pro se* Complaint [1] in this Court on January 8, 2019, against Toyota Motor Corporation and Diversity Vuteq, LLC asserting claims under 42 U.S.C. § 1983 and Mississippi state law. Now before the Court is Diversity Vuteq, LLC's Motion to Dismiss [6] for lack of jurisdiction and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Also before the Court is the Defendant's, Toyota Motor Corporation, Motion to Dismiss [15] for lack of jurisdiction, failure to state a claim, and lack of personal jurisdiction.

*Factual and Procedural Background*

On February 10, 2016 the Plaintiff was working at the Defendants' plant in Blue Springs, Mississippi. Around ten o'clock that morning, the Plaintiff began to have chest pains and asked a Diversity Vuteq, LLC supervisor to call an ambulance. The Plaintiff asserts that the supervisor refused to call an ambulance and instead ordered the Plaintiff to leave the work site. According to the Plaintiff, the supervisor then escorted her out of the building and into the cold while laughing at the Plaintiff's condition. The Plaintiff then filed her Complaint *pro se* using a form template captioned as "Complaint for violation of civil rights under 42 U.S.C. § 1983", also asserting a claim for negligent infliction of emotional distress. The Plaintiff states this Court has subject matter jurisdiction under 28 U.S.C. Section 1331.

Diversity filed its Motion to Dismiss [6] on February 1, 2019 arguing that the Plaintiff failed to provide a basis for subject matter jurisdiction pursuant to 28 U.S.C. Section 1331, as alleged in her Complaint. Diversity argues that the only mention of a Section 1983 claim in the Plaintiff's entire Complaint is in the heading. In the alternative, Diversity also argues that the Plaintiff failed to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) because the Plaintiff's negligent infliction of emotional distress claim is preempted by Mississippi's Worker's Compensation Act. *See* MISS. CODE ANN. § 71-3-1.

On February 7, 2019, approximately one month after filing her *pro se* Complaint, the Plaintiff obtained counsel who then filed a Notice of Appearance [8] as counsel of record.

Toyota Motor Corporation filed its Motion to Dismiss [15] on February 13, 2019 arguing that the Plaintiff failed to assert federal jurisdiction under 28 U.S.C. Section 1331. Toyota also argues that the Plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) because (1) Toyota had no employment relationship with the Plaintiff and (2) the Plaintiff's negligent infliction of emotional distress claim is preempted by Mississippi's Worker's Compensation Act. *See* MISS. CODE ANN. § 71-3-1. Finally, Toyota argues that dismissal is warranted under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

*Subject Matter Jurisdiction*

"When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, . . . courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville, Tex.*, 478 F. Appx. 860 (5th Cir. 2012) (per curiam) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Morgan v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 860-61 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)); *Hitt v. City*

*of Pasadena, Tex.*, 561 F. 2d 606, 608 (5th Cir. 1977) (per curiam). Accordingly, the Court first addresses the jurisdictional issues under Rule 12(b)(1).

Federal courts have original subject matter jurisdiction only where a question of federal law is involved or where there is diversity of citizenship between parties and the amount in controversy exceeds $75,000. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The Plaintiff asserts federal question jurisdiction arising under 42 U.S.C. Section 1983. *See* 28 U.S.C. § 1331. However, the Plaintiff's Complaint contains no allegations to support jurisdiction in this Court. While the Plaintiff used the standard court form for filing a Section 1983 Civil Rights Complaint, the form itself is the only reference to a Section 1983 claim within her Complaint. In fact, the only claim discussed throughout the Plaintiff's Complaint is one for negligent infliction of emotion distress arising under state law. Despite having liberally construed the allegations of the Plaintiff's *pro se* Complaint, the Court is unable to find a claim on the face of the Complaint that would give rise to federal jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (finding that a "plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States."). Therefore, the Complaint and the claim discussed therein provides no basis for federal question jurisdiction.

Out of an abundance of caution, the Court also addresses whether the Court has diversity jurisdiction under 28 U.S.C. Section 1332. *See Arbaugh*, 546 U.S. at 514, 126 S. Ct. 1235 (noting that courts have "an independent obligation to determine whether subject-matter jurisdiction exists). For diversity jurisdiction to exist, no plaintiff can be a citizen of the same state as any defendant, and the Complaint must demand in excess of $75,000. *See* 28 U.S.C. § 1332. While the Plaintiff submitted an affidavit stating that she seeks more than $75,000, the Court is unable to

determine whether the parties are diverse. Diversity asserts that both the Plaintiff and Diversity are citizens of the State of Mississippi, but Diversity's citizenship is unclear from the pleadings.[1] Similarly, Toyota asserts that it is a Japanese Corporation, but Toyota's citizenship is also unclear from the pleadings.[2] Accordingly, the Complaint provides no basis for diversity jurisdiction to permit the Plaintiff's claim to continue in federal court.

After carefully considering the contents of the *pro se* Complaint and giving it the liberal construction required, the Court finds the Plaintiff has failed to assert a basis for federal jurisdiction. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Rather than dismiss this *pro se* Complaint, the proper remedy is to provide the Plaintiff with an opportunity to amend her Complaint. *See Davis v. American Mortgage Network, Inc.*, No. 3:11-CV-1690-M, 2012 WL 13018977, *2 (N.D. Tex. Jan. 18, 2012). Diversity's and Toyota's Motions to Dismiss [6, 15] under Rule 12(b)(1) are denied as moot. The Plaintiff has fourteen days from the entry of this order to file an amended complaint to state the basis for federal jurisdiction. *See Beanal v. Freeport–McMoran, Inc.*, 197 F.3d 161, 163 (5th Cir. 1999) (approving the district court's *sua sponte* allowance of an amendment under Rule 12(e) where the plaintiff originally failed to plead with sufficient clarity).

---

[1] Diversity is an unincorporated LLC. The Fifth Circuit has held that the citizenship of an LLC "is determined by the citizenship of all its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). The citizenship of an individual is his or her domicile, i.e., where the individual resides and intends to remain. *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). Diversity has not indicated the members or the LLC or their individual domiciles for jurisdictional purposes.

[2] "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Harvey*, 542 F.3d at 1079 (citing 28 U.S.C.A. § 1332 (c)). Thus, when "*distinctly* and *affirmatively* alleged," the state of incorporation *and* principal place of business are sufficient jurisdictional facts to establish a corporation's citizenship. *Getty Oil Corp., a Div. of Texaco Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). Toyota has not sufficiently alleged its state of incorporation or principal place of business for jurisdictional purposes.

*Failure to State a Claim*

In the alternative, Diversity and Toyota each argue that the Plaintiff failed to state a claim under Rule 12(b)(6). It is the purpose of a Rule 12(b)(6) motion to test the formal sufficiency of the statement for relief. *Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976). A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 937, 173 L. Ed. 2d 868 (2009). It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In other words, a "[plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S. Ct. 1955.

According to her Complaint, the Plaintiff asserts a Section 1983 claim as well as a negligent infliction of emotional distress claim. However, the Plaintiff's Complaint wholly fails to plead any facts to support a Section 1983 claim, including the alleged constitutional violation Diversity or Toyota committed or that Diversity or Toyota acted under color of state law. Similarly, the Plaintiff fails to plead sufficient facts to establish a claim for negligent infliction of emotional distress against Diversity or Toyota. After carefully considering the contents of the *pro se* Complaint and giving it the liberal construction required, the Court finds the Plaintiff has failed to state a claim upon which relief may be granted. *Haines*, 404 U.S. 519, 92 S. Ct. 594. Rather than dismiss this *pro se* Complaint, the proper remedy is to provide the Plaintiff with an opportunity to amend her Complaint, particularly because the Plaintiff has since obtained counsel. *See Davis*, 2012 WL 13018977 at *2. Diversity's and Toyota's Motions to Dismiss [6, 15] under Rule 12(b)(6) are denied as moot. The Plaintiff has fourteen days from the entry of this order to file an amended

complaint to state more specifically (for each claim she alleges): (1) the nature of the claim, (2) the elements of the claim, and (3) the factual basis for each of the elements of the claim. *See Beanal*, 197 F.3d at 163 (approving the district court's *sua sponte* allowance of an amendment under Rule 12(e) where the plaintiff originally failed to plead with sufficient clarity).

*Personal Jurisdiction*

Finally, Toyota argues that this Court lacks personal jurisdiction over Toyota under Federal Rule of Civil Procedure 12(b)(2). To establish in personam jurisdiction over a non-resident, a plaintiff must satisfy both the Mississippi Long-Arm Statute, Mississippi Code Section 13-3-57, and the "minimum contacts" requirement of the due process clause of the Fourteenth Amendment. *Smith v. DeWalt Products Corp.*, 743 F.2d 277, 278 (5th Cir. 1984); *Cycles Ltd. V. W.J. Digby, Inc.*, 889 F.2d 612, 616-17 (5th Cir. 1989). Specifically, Toyota argues that the Plaintiff failed to allege that Toyota has "minimum" contacts with the forum state of Mississippi.

After carefully considering the contents of the *pro se* Complaint and giving it the liberal construction required, the Court finds the Plaintiff has failed to allege that Toyota has the requisite minimum contacts with the forum state. *Haines*, 404 U.S. 519, 92 S. Ct. 594. Rather than dismiss this *pro se* Complaint, the proper remedy is to provide the Plaintiff with an opportunity to amend her Complaint, particularly because the Plaintiff has since obtained counsel. *See Davis*, 2012 WL 13018977 at *2. Toyota's Motion to Dismiss [15] for lack of personal jurisdiction is denied as moot. The Plaintiff has fourteen days from the entry of this order to file an amended complaint to properly state the basis for this Court to exercise personal jurisdiction over Toyota. *See Beanal v. Freeport–McMoran, Inc.*, 197 F.3d 161, 163 (5th Cir. 1999) (approving the district court's *sua sponte* allowance of an amendment under Rule 12(e) where the plaintiff originally failed to plead with sufficient clarity).

6

*Conclusion*

Considering the Plaintiff obtained counsel after filing her *pro se* Complaint [1], and for all of the reasons fully explained above the Court, on its own motion, ORDERS the Plaintiff to file a more definite statement by June 19, 2019 pursuant to Federal Rule of Civil Procedure 12(e). Failure to file an amended pleading as directed may result in the Court striking the Plaintiff's Complaint [1] or dismissing the case. *See* FED. R. CIV. P. 12(e). Diversity's Motion to Dismiss [6] and Toyota's Motion to Dismiss [15] are DENIED *without prejudice* as MOOT.

SO ORDERED, this the 5th day of June, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE