IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOYCE ANN SMITH                                                                                          PLAINTIFF

V.                                                                       CIVIL ACTION NO. 1:19-CV-6-SA-DAS

TOYOTA MOTOR CORPORATION
and DIVERSITY VUTEQ, LLC                                                                          DEFENDANTS

ORDER AND MEMORANDUM OPINION

Joyce Smith filed her *pro se* Complaint [1] in this Court on January 8, 2019 against Toyota Motor Corporation and Diversity Vuteq, LLC asserting claims under 42 U.S.C. Section 1983 and Mississippi state law. This Court ordered the Plaintiff to file an amended complaint containing a more definite statement. *See* Order [34]. The Plaintiff obtained counsel and filed an amended Complaint [35]. Now before the Court is Defendant Toyota Motor Corporation's Motion to Dismiss [36] for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Also before the Court is Defendant Diversity's Motion to Dismiss [38] for lack of jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). All issues are fully briefed and ripe for review.

*Factual and Procedural Background*

According to the Plaintiff, she was working at the Defendants' plant in Blue Springs, Mississippi on February 10, 2016. Around ten o'clock that morning, the Plaintiff began to have chest pains and asked a Diversity supervisor to call an ambulance. The Plaintiff asserts that the supervisor refused to call an ambulance and instead ordered the Plaintiff to leave the work site. According to the Plaintiff, the supervisor then escorted her out of the building and into the cold while laughing at the Plaintiff's condition.

As noted above, the Plaintiff filed an amended Complaint [35] on June 18, 2019 asserting diversity jurisdiction and one claim for negligence. *See* 28 U.S.C. § 1332. Toyota Motor Corporation filed its Motion to Dismiss [36] on June 28, 2019 arguing that the Plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) and that this Court lacked subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Diversity filed its Motion to Dismiss [38] on July 2, 2019 arguing that the Plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) and that this Court lacked jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Both Toyota and Diversity request that this Court dismiss the Plaintiff's claims with prejudice.

*Subject Matter Jurisdiction*

"When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, . . . courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville, Tex.*, 478 F. Appx. 860 (5th Cir. 2012) (per curiam) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Morgan v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 860-61 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)); *Hitt v. City of Pasadena, Tex.,* 561 F. 2d 606, 608 (5th Cir. 1977) (per curiam). Accordingly, the Court first addresses the jurisdictional issues under Rule 12(b)(1).

Federal courts have original subject matter jurisdiction only where a question of federal law is involved or where there is diversity of citizenship between parties and the amount in controversy exceeds $75,000. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Diversity of citizenship requires that all parties on one side of a case be citizens of a different state than all parties on the other side of the case. *Hicks v.*

*Safeway Insurance Co.*, 2006 WL 839557, *1 (S.D. Miss. 2006) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). The Plaintiff asserts no federal question jurisdiction in her amended Complaint but instead asserts only one claim of negligence.[1] The Plaintiff thus argues that this Court has diversity jurisdiction over her state law claim. *See* 28 U.S.C. § 1332. For diversity jurisdiction to exist, no plaintiff can be a citizen of the same state as any defendant, and the complaint must make a demand in excess of $75,000. *See* 28 U.S.C. § 1332.

The Plaintiff's amended Complaint [35] states that the damages sought exceed the jurisdictional limits of the court. *See* 28 U.S.C. § 1332. A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may take a factual or facial attack on a plaintiff's complaint, but if it takes a facial attack the court must take the allegations of the plaintiff's complaint as true. *Krieter v. Mississippi Farm Bureau Mutual Insurance*, 2008 WL 5330818, *1 (S.D. Miss. 2008) (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). Here, the Plaintiff's amended complaint states that she is a citizen of Mississippi, Diversity is a citizen of Mississippi and Indiana, and Toyota Motor Corporation is a citizen of Japan. Therefore, on its face, the Plaintiff's amended Complaint establishes that diversity of citizenship does not exist.

Accordingly, the Plaintiff's amended Complaint provides no basis for diversity jurisdiction to permit the Plaintiff's claim against Diversity and Toyota Motor Corporation to continue in federal court. As such, all of the Plaintiff's claims are dismissed without prejudice for lack of federal jurisdiction.

*Conclusion*

For all the reasons fully explained above, Defendants' Motions to Dismiss [36, 38] for lack

---

[1] The Plaintiff uses the terms "negligence" and "negligent infliction of emotional distress" interchangeably when referring to this claim.

of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) are GRANTED. This case is DISMISSED *without prejudice*. This CASE is CLOSED.

It is SO ORDERED on this, the 22nd day of November, 2019.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE